# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARGO ELIZABETH MOORE,**

    **Plaintiff,**

v.                                    Case No:   6:16-cv-2075-Orl-41GJK

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

___

# REPORT AND RECOMMENDATION

Margo Moore (the "Claimant") appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") committed reversible error by: 1) failing to weigh the medical opinions contained in the treatment notes of Dr. Randy Schwartzberg and Dr. Michael Patterson; and 2) applying improper legal standards to the medical opinion of Dr. Efren Baltazar. Doc. No. 15 at 9-13, 16-18, 19-20. Claimant requests that the Commissioner's decision be reversed and remanded for further proceedings. *Id.* at 21. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.   PROCEDURAL BACKGROUND

On July 31, 2013, Claimant filed her DIB application. R. 145-46. Claimant alleges an onset date of July 12, 2013. R. 10. On September 24, 2013, Claimant's application was denied initially. R. 89. On November 27, 2013, Claimant's application was denied upon reconsideration. R. 98. On December 4, 2013, Claimant filed a request for hearing. R. 6. On June 9, 2015, Claimant attended

a hearing before the ALJ. R. 25-56. On July 9, 2015, the ALJ issued an unfavorable decision. R. 10-19. On July 23, 2015, Claimant requested review of the ALJ's decision. R. 5. On September 30, 2016, the Appeals Council denied Claimant's request. R. 1-4. On December 1, 2016, Claimant filed her appeal. Doc. No. 1.

## II. STANDARD OF REVIEW

The Social Security regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations and quotations omitted).

## III.     WEIGHING MEDICAL OPINIONS

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In cases involving an ALJ's handling of medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 Fed. Appx. 929, 931 (11th Cir. Aug. 14, 2013).[1] In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179 (citations omitted). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error). An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962-63 (11th Cir. 2015) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

## IV. ANALYSIS

### A. Drs. Patterson and Schwartzberg

On July 16, 2013, Dr. Patterson, a physician based in Alabama, performed an operation on Claimant's left shoulder. R. 485-87. On July 26, 2013, Claimant presented to Dr. Patterson for a post-operation visit. R. 483. Dr. Patterson recommended that Claimant return for another visit within two weeks, and that Claimant should not work for those two weeks. *Id.* Dr. Patterson also stated that he "will let [Claimant] go back to work at that time, no lifting, no carrying greater than [five] pounds, only use of arm by her side." *Id.* In an August 9, 2013 treatment note, Dr. Patterson states that Claimant is struggling with her therapy, not progressing as expected, and does not feel ready to return to work. R. 484. Dr. Patterson recommended that Claimant "continue work with therapy and icing."[2] *Id.* Dr. Patterson also states that he "will see [Claimant] back in a month and hopefully release her back to work." *Id.* Claimant did not continue treatment with Dr. Patterson because she moved from Alabama to Florida in August 2013. Doc. No. 15 at 18.

On October 1, 2013, Claimant presented to Dr. Schwartzberg with complaints of left shoulder pain. R. 510. After performing a physical examination on Claimant's left shoulder, Dr. Schwartzberg found that Claimant had good strength in her rotator cuff muscles, but has "pain with … abduction in the scapular plane and external rotation with the elbow at the side." R. 511. Dr. Schwartzberg found that Claimant needed more rehabilitation, and was not sure why Claimant currently had more pain than she had before her left shoulder operation. R. 512. Dr. Schwartzberg found Claimant's work status to be "no lifting greater than [five] pounds with the left upper extremity." *Id.* On November 14, 2013, Claimant attended a follow-up visit with Dr. Schwartzberg with complaints of soreness and lack of strength in the left shoulder. R. 519. After performing a

---

[2] The undersigned interprets this statement as recommending that Claimant continue her treatment with therapy and icing.

physical examination, Dr. Schwartzberg found "excellent motion" in Claimant's shoulders, but she "does have a little weakness with … abduction in the scapular plane and external rotation with the elbow at the side." *Id.* Dr. Schwartzberg also stated:

> I am going to reevaluate [Claimant] in six weeks. I think at that point, if she is still not where she thinks she needs to be, a functional capacity evaluation may be the thing to do. <u>Her current work status will be no lifting greater than [five] pounds with the left upper extremity.</u>

R. 519 (emphasis in original). Thus, despite some improvement since Claimant's last visit, Dr. Schwartzberg maintained Claimant's work status of not lifting anything greater than five pounds with her left arm. *Id.*

At step two, the ALJ found that Claimant had severe impairments of fibromyalgia, obesity, status post lumbar fusion, and status post left shoulder surgery. R. 12. At step four, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work, except she: 1) can frequently balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; 2) cannot climb ladders, ropes, or scaffolds; and 3) should avoid bilateral overhead reaching, overhead lifting, more than frequent reaching in all other directions with her left arm, work at heights, work with dangerous machinery, constant vibration, and constant temperatures above ninety degrees or below forty degrees Fahrenheit.[3] R. 15. The ALJ did not specifically weigh the treatment notes of Drs.

---

[3] The Social Security Regulations define light work as:

> (b) Light work. <u>Light work involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds.</u> Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. <u>To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.</u> If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567 (emphasis added).

Patterson and Schwartzberg. R. 15-18. Claimant argues that the ALJ's failure to specifically weigh the treatment notes is reversible error. Doc. No. 15 at 9-13, 16-18. The Commissioner argues that: 1) Dr. Schwartzberg's opinion is not entitled to any special weight because Claimant's two visits with Dr. Schwartzberg do not make him a treating physician; and 2) the ALJ's error was harmless because the medical evidence does not establish that Claimant had the limitations stated in the treatment notes for a consecutive twelve-month period. *Id.* at 14-16, 18-19.

The treatment notes provide statements regarding the effects of Claimant's shoulder surgery, Claimant's physical limitations arising from her surgery, and opinions regarding what Claimant can or cannot do despite such limitations. R. 483, 510-12, 519. For example, the treatment notes contain the physicians' opinions regarding Claimant's shoulder mobility and state that Claimant is unable to lift and/or carry more than five pounds. *Id.* Considering the foregoing, the undersigned finds that the treatment notes of Drs. Patterson and Schwartzberg are medical opinions, and thus, the ALJ erred in failing to state with particularity the weight given to the treatment notes and the reasons therefor. *See Winschel*, 631 F.3d at 1178-79 (finding that treatment notes from a claimant's physician were medical opinions that must be given specific weight). Furthermore, the ALJ's error is not harmless because the limitations found in the treatment notes are more restrictive than those found in the RFC. The treatment notes state that Clamant cannot lift or carry more than five pounds. R. 483, 512, 519. The ALJ, however, found that Claimant had the RFC to perform light work, which "involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds." R. 15; *supra* p. 5 n. 3.

The Commissioner also argues that the ALJ's error was harmless because a December 18, 2013 treatment note from Dr. Howard Buchoff shows that the medical evidence does not support

Claimant having lifting limitations with her left arm for a consecutive twelve-month period. Doc. No. 15 at 15. More specifically, the Commissioner argues:

> On physical examination, Dr. Buchoff noted Plaintiff had limited range of motion in her left shoulder, but inspection, palpation, range of motion, stability, muscle strength, and tone of both upper and lower extremities were otherwise normal ([R]. 529). <u>Dr. Buchoff made no mention of work restrictions in his treatment plan ([R]. 529) …. The medical evidence does not support that Plaintiff had additional left arm restrictions for a consecutive twelve-month period</u>; thus, any oversight by the ALJ in failing to weigh Dr. Schwartzberg's opinion was harmless …

*Id.* (emphasis added). Thus, the Commissioner argues that because Dr. Buchoff's treatment note fails to mention any lifting limitations, the medical evidence does not support that Claimant had lifting limitations with her left arm for a consecutive twelve-month period.[4] *Id.* The ALJ, however, never rejected the treatment notes of Drs. Patterson and Schwartzberg on such a basis. R. 15-18. In fact, the ALJ did not mention the treatment notes at issue. *Id.* Thus, the undersigned declines to accept the Commissioner's post hoc rationalization of the ALJ's decision. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 94, 196 (1943)) (declining "to affirm simply because some rationale might have supported the ALJ's conclusion"). *See also Baker v. Comm'r of Soc. Sec.,* 384 Fed. Appx. 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's post hoc rationalizations for agency actions. If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order") (citations omitted). Considering the foregoing, it is recommended that the case be reversed and remanded for further proceedings.

---

[4] The Court notes that a physician's silence regarding a claimant's functional limitations "may not be read as a statement that no such restrictions exist." *Carlisle v. Barnhart*, 392 F.Supp.2d 1287, 1292 (M.D. Ala. 2005) (citing *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988)). Thus, Dr. Buchoff's failure to mention any work-related functional limitations regarding Claimant's left arm cannot be taken to mean that no such limitations exist. *See id.*

### B. Dr. Baltazar

On November 27, 2013, Dr. Baltazar, a reviewing physician, reviewed the record and found that Claimant can occasionally lift and/or carry ten pounds; frequently lift and/or carry less than ten pounds; stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; and sit (with normal breaks) for a total of about six hours in an eight-hour workday. R. 83. Claimant can occasionally climb ramps and stairs; frequently balance; and occasionally stoop, kneel, crouch, and crawl. R. 83-84. Dr. Baltazar also found that Claimant is limited in reaching in front, laterally, and overhead with her left arm. R. 84.

The ALJ gave little weight to Dr. Baltazar's opinion, finding it inconsistent with the findings of Dr. Buchoff and other normal exam findings. R. 17. The ALJ also found that Dr. Baltazar's opinion was "inconsistent with the lack [of] evidence of aggressive medical treatment, frequent hospital confinement, frequent emergency room treatment, or repeated surgical intervention." R. 18. Claimant only contests the ALJ's treatment of Dr. Baltazar's opinion because its statement "regarding the amount of weight [Claimant] could lift and/or carry was similar to the opinions of Drs. Schwartzberg and Patterson[,] which were overlooked by the ALJ." Doc. No. 15 at 20. Claimant's argument, however, is unavailing because the opinion of a non-examining reviewing physician is entitled to little weight. *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). Accordingly, it is recommended that the Court find no reversible error in the ALJ's treatment of Dr. Baltazar's opinion.

## III. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the Commissioner's final decision for further proceedings pursuant to sentence four of Section 405(g); and

2. Direct the Clerk to award judgment in favor of Claimant and to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 7, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy